CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 22 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| M-CAM, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD D'AGOSTINO;<br>IPI FINANCIAL SERVICES;<br>PLX SYSTEMS, INC.; AND<br>PRINCIPAL FINANCIAL GROUP,<br><br>*Defendants.* | CIVIL ACTION NO. 3:05-CV-00006<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Before the Court is M-CAM's Motion to Disqualify McGuireWoods as counsel for IPI Financial Services (IPI) in the pending action.. For the reasons set forth below, the Court will deny the Motion to Disqualify.

### I. FACTUAL AND PROCEDURAL BACKGROUND

McGuireWoods represented Plaintiff M-CAM from 1998–2000, helping the company with certain corporate matters, including the company's incorporation and securitization. During the period of representation, McGuireWoods received confidential information relating to M-CAM's business plans, financial projections and marketing strategy.

In 2005, M-CAM sued the above defendants for, among other things, violation of the Virginia Uniform Trade Secrets Act. M-CAM claims that Richard D'Agostino won M-CAM's trust and induced the company into investing money into and sharing trade secrets with IPI,

D'Agostino's company. Then, M-CAM alleges, IPI misappropriated those trade secrets, illegally disclosing them to others and using them for its own gain. McGuireWoods represents IPI, and M-CAM has moved to disqualify the law firm from the pending matter.

## II. DISCUSSION

The Court is responsible for overseeing the conduct of the attorneys who appear before it. *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp.724, 729 (E.D. Va. 1990) (citations omitted). The need for disqualification is determined on a case-by-case basis, and the Fourth Circuit has cautioned against a "mechanical and didactic" application of the disciplinary rules. *Aetna Casualty & Sur. Co. v. United States*, 570 F.2d 1197, 1202 (4th Cir. 1978) (citations omitted). The moving party must face a high standard of proof to succeed in disqualification, and motions based on "imagined scenarios of conflict" must fail. *Tessier*, 731 F. Supp. at 729.

The relevant law in Virginia provides:

> A lawyer who has represented a client in a matter shall not thereafter represent another person in the same or substantially related matter if the interest of that person is adverse in any material respect to the interest of the former client unless the former client consents after disclosure.

Va. Rule of Prof'l. Conduct 1.9(a). The rule has a two-pronged test for disqualification: the moving party must establish 1) the existence of an attorney-client relationship between the alleged client and attorney; and 2) the former representation and the current controversy must be substantially related. *In re Stokes*, 156 B.R. 181, 185 (Bankr. E.D. Va. 1993). In this case, McGuireWoods has conceded the existence of an attorney-client relationship between itself and M-CAM. All that remains is to determine whether the previous representation and the current case are substantially related.

2

"Substantially related" has been interpreted to mean "identical" or "essentially the same." *Rogers v. Pittston Company*, 800 F. Supp. 350, 353 (W.D. Va. 1992) (quoting *Tessier*, 731 F. Supp. at 730). The phrase has also been used to describe a scenario where "the lawyer could have obtained confidential information in the first representation that would have been relevant in the second." *Tessier*, 350 F. Supp at 730 (quoting *Analytica Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983)).

M-CAM makes two arguments that the previous representation and the current case are substantially related. First, Plaintiff contends that the trade secrets at issue in this case are the same secrets that McGuireWoods received during the course of its prior representation of M-CAM. This argument resembles that made by the plaintiff in *In re Stokes*, 156 B.R. 181 (Bankr. E.D. Va. 1993). In *Stokes*, the plaintiff argued that an attorney who had filed a land use application for a piece of property owned by a then-married couple could not later represent the husband in gaining rights to that land, because both matters involved the same property. *Stokes*, 156 B.R. at 187. The court held, however, that the matters were not substantially related, because the knowledge the attorney gained in his representation of the married couple was not relevant in the second action. *Id.* Similarly, in the instant litigation, the case does not revolve around the content or the interpretation of the information that IPI possesses; instead, the main issue is whether IPI illegally misappropriated that information. Thus, the fact that McGuireWoods once had access to the information at issue in this case does not create an ethical dilemma for the law firm, nor will it shake public confidence in the integrity of the judicial system. The confidences that McGuireWoods received in its previous representation of M-CAM are not relevant to determining whether IPI misappropriated M-CAM's trade secrets, and therefore, the matters are

not substantially related.

Second, M-CAM asserts that some of the information given to McGuireWoods, including financial projections and risk factors in Plaintiff's business model, will be relevant in determining M-CAM's damages in this litigation (this information appears to be different from the information that IPI already possesses). After reviewing the documents submitted by the parties, however, the Court is hard-pressed to find any evidence to support Plaintiff's argument. M-CAM cannot be said to have met the "high standard of proof" required to demonstrate a substantial relationship between the two matters and disqualify McGuireWoods from this case, and thus, the Motion to Disqualify will be denied. *Tessier,* 731 F. Supp. at 729.

## III. CONCLUSION

The Court denies M-CAM's Motion to Disqualify. An appropriate order shall issue this day.

ENTERED: *[signature]*
United States District Judge

8/22/05
Date

4