CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 22 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| M-CAM INC., <br><br> *Plaintiff,* <br><br> v. <br><br> RICHARD D'AGOSTINO, <br> IPI FINANCIAL SERVICES, INC., <br> PLX SYSTEMS, INC., <br> AND PRINCIPAL FINANCIAL GROUP, <br><br> *Defendants.* | CIVIL ACTION NO. 3:05-CV-00006 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

Before the Court is Defendant Principal Financial Group's Motion to Dismiss, filed March 7, 2005. For the reasons set forth below, the Court will grant the Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff M-CAM begins its Complaint by proclaiming that "this is a story of seduction, deceit, and betrayal." Complaint, ¶ 15. To make a long story short, M-CAM claims that Defendant Richard D'Agostino won M-CAM's trust and induced the company into investing money into and sharing trade secrets with IP Innovations, Inc. (IPI), D'Agostino's company. Plaintiff alleges that IPI and D'Agostino then proceeded to wrongfully use and disclose M-CAM's trade secrets to Plaintiff's competitor, PLX Systems, Inc.

Defendant Principal Financial Group (Principal) was an investor in IPI and, M-CAM alleges, continued to invest in IPI even after Plaintiff informed the company of IPI's illegal

behavior. Plaintiff claims that Principal's behavior constitutes a violation of the Virginia Trade Secrets Act, a breach of the common law duty of confidentiality, and a conspiracy with other Defendants to violate the common law of unfair competition.

## ANALYSIS

In a Motion to Dismiss, the well-pleaded allegations in the complaint are taken as true, and construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243-44 (4th Cir. 1999). For purposes of this motion, the Court will therefore assume that the allegations against IPI, Principal, and other Defendants are true. However, the Court is not required to accept any legal conclusions offered by the plaintiff in the complaint. *United Mine Workers of America, Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir. 1979).

1. <u>Violation of the Virginia Uniform Trade Secrets Act (VUTSA)</u>

M-CAM alleges that Principal has violated the VUTSA by benefitting from IPI's misappropriation of Plaintiff's trade secrets. The law defines misappropriation as:

> 1. Violation of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> 2. Disclosure or use of a trade secret of another without express or implied consent by a person who
>     a. used improper means to acquire knowledge of the trade secret; or
>     b. At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was
>         (1) Derived from or through a person who had utilized improper means to acquire it;
>         (2) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;
>         (3) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>         (4) Acquired by accident or mistake.

Va. Code Ann. § 59.1-336.

There have been no cases in Virginia involving such vicarious liability under VUTSA. M-CAM cites a California case for the proposition that investors could be vicariously liable for misappropriation of trade secrets. *PMC v. Kadisha,* 78 Cal. App.4th 1368 (Cal. Ct. App. 2000). However, in that case, the defendants "became majority shareholders, officers, and directors.... effectively took control of the corporation, hired personnel to run it, and continued its operations." *Id.* at 1385. The California court based its holding both on the defendant company's investment in and *substantial control over* the offending corporation. *Id.* M-CAM has not alleged that Principal had any control whatsoever over IPI's activities, aside from providing funding. Nor can the court infer from the Complaint that Defendant had sufficient control over IPI to be held vicariously liable for IPI's misappropriation of trade secrets. In short, M-CAM has not stated a claim under VUTSA, and thus this count must be dismissed as to Principal.

2. Common Law Breach of Confidentiality

M-CAM also argues that Principal breached a common law duty of confidentiality by disclosing secrets that were received from IPI. Plaintiff concedes there is currently no common law duty of confidentiality in Virginia. Plaintiff's Memo in Opposition, at 8. Even if this Court were inclined to create a new common law cause of action, however, Plaintiff's claim would fail.

In the Ninth Circuit case that M-CAM cites in support of its claim, a breach of the duty of confidentiality is said to occur when "a competitor becomes a party to a breach of a confidential relationship where the competitor accepts information from one who is under a duty not to

3

disclose it, and the information is received either with actual knowledge of such facts or under circumstances giving rise to a duty to inquire further." *Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1169-70 (9th Cir. 1998). However, in the instant case, the Complaint does not allege that Principal received confidential information from IPI or D'Agostino. Nor can Principal fairly be called a 'competitor' of M-CAM's. Therefore, this claim will also be dismissed.

### 3. Common Law/ Statutory Conspiracy

M-CAM claims that Principal participated in common law and statutory conspiracy with other Defendants. The statute requires that 1) two or more defendants combined, agreed, or mutually undertook together to 2) willfully or maliciously injure another in his reputation, trade, or business. Va. Code Ann. § 18.2-499. Similarly, under Virginia common law, a conspiracy is the combination of two or more persons to accomplish some criminal or unlawful purpose not in itself criminal or unlawful, by criminal and unlawful means. *Commercial Business Systems, Inc. v. Bell South Services,* 249 Va. 39, 48, 453 S.E.2d 261, 267 (Va. 1995) (citations omitted).

Under either theory, the plaintiff must "allege that the defendants combined together to effect a preconceived plan and unity of design and purpose, for common design is the essence of the conspiracy." *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC,* 261 F. Supp.2d 483, 499 (E.D. Va. 2003) (citing *Bull v. Logetronics, Inc.,* 323 F. Supp. 115, 131 (E.D. Va. 1971)). In order to survive a motion to dismiss, plaintiff must plead the elements of the claim with more than conclusory language. *Id.* (citing *Lewis v. Gupta,* 54 F. Supp.2d 611, 618 (E.D. Va. 1999)).

Here, M-CAM has alleged that Defendant continued to invest in IPI after Plaintiff had informed Principal of IPI's wrongdoing. However, the Complaint is devoid of any further allegations, other than conclusory language, to demonstrate that Principal combined or plotted

4

with IPI to further a common plan or scheme. The relationship between an investing company and the investee does not normally lend itself to conspiracy, and such an inference cannot be fairly drawn from the Complaint without further allegations in support of the claim. *See Bowman v. State Bank of Keysville,* 229 Va. 534, 541 (1985). M-CAM has not stated a claim for either common law or statutory conspiracy, and thus this count will also be dismissed as to Principal.

### 4. Unfair Competition

Finally, M-CAM includes Principal in a claim of unfair competition. Virginia has a "narrowly defined" common law definition of unfair competition: "deception, by means of which the goods of one dealer are palmed off as those of another." *Monoflo Internat'l v. Sahm,* 726 F. Supp 121, 127 (E.D. Va. 1989) (quoting *Benjamin T. Crump Co. v. J.L. Lindsay, Inc.,* 130 Va.144, 160 (1921). Plaintiff based this claim on Principal's status as a co-conspirator with IPI. Plaintiff's Memo in Opposition, at 16. However, Plaintiff has failed to sufficiently state a claim for conspiracy, and M-CAM has not alleged that Principal alone acted to "palm off" M-CAM's goods. Thus, this claim will also be dismissed.

## CONCLUSION

Accordingly, the Motion to Dismiss is granted in its entirety. An appropriate order will issue this day.

ENTERED: _____
United States District Judge

8/22/05
Date