CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Charlottesville
SEP 0 1 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Collins
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| M-CAM,<br><br>                       *Plaintiff,*<br><br>v.<br><br>RICHARD D'AGOSTINO,<br>IPI FINANCIAL SERVICES, INC.,<br>AND PLX SYSTEMS, INC.,<br><br>                       *Defendants.* | CIVIL ACTION NO. 3:05-CV-00006<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendant PLX Systems, Inc.'s Motion to Dismiss. For the reasons set forth below, the Court will grant the Motion to Dismiss as to the claims of common law breach of confidentiality, common law conspiracy, and statutory conspiracy, but deny the Motion as to all other claims. The Court also denies the Motion for a More Definite Statement.

### PROCEDURAL AND FACTUAL BACKGROUND

According to Plaintiff, Defendant Richard D'Agostino won M-CAM's trust and induced the company into investing money into and sharing trade secrets with IP Innovations, Inc. ("IPI"), D'Agostino's company. Plaintiff alleges that IPI and D'Agostino then proceeded to wrongfully use and disclose M-CAM's trade secrets to Plaintiff's competitor, PLX Systems, Inc. ("PLX"), as well as other, unnamed third parties. PLX knew that the trade secrets were confidential and belonged to Plaintiff, but nonetheless used them to do work for a third company, ATD. Furthermore, M-CAM alleges that PLX had a separate Non-Disclosure Agreement with

M-CAM, which the company violated by disclosing M-CAM's secrets to IPI and D'Agostino and using the information itself.

M-CAM has charged PLX with violation of the Virginia Uniform Trade Secrets Act, breach of confidentiality, unfair competition, statutory and common law conspiracy, and breach of the Non-Disclosure Agreement.

## ANALYSIS

In a Motion to Dismiss, the well-pleaded allegations in the complaint are taken as true, and construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243-44 (4th Cir. 1999). For purposes of this motion, the Court will therefore assume that the allegations against PLX are true. However, the Court is not required to accept any legal conclusions offered by the plaintiff in the complaint. *United Mine Workers of America, Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir. 1979).

A. <u>Virginia Uniform Trade Secrets Act (VUTSA):</u>

PLX argues that M-CAM has not stated a claim under VUTSA. The VUTSA provides that misappropriation is:

> 1. Violation of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> 2. Disclosure or use of a trade secret of another without express or implied consent by a person who
>   a. used improper means to acquire knowledge of the trade secret; or
>   b. At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was
>     (1) Derived from or through a person who had utilized improper means to acquire it;
>     (2) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;
>     (3) Derived from or through a person who owed a duty to the person

2

seeking relief to maintain its secrecy or limit its use; or
(4) Acquired by accident or mistake.

Va. Code Ann. § 59.1–336 (Michie 2005).

M-CAM has alleged that PLX received M-CAM's trade secrets knowing that they were acquired by improper means. It is possible that M-CAM could prove a set of facts in support of their claim that would entitle them to relief. *See Conley v. Gibson,* 355 U.S. 41 (1957). Thus, with respect to the VUTSA claim, Defendant's Motion to Dismiss will be denied.

B. Breach of Confidentiality Claim

PLX also contends that Plaintiff has failed to state a claim for common law breach of confidentiality. M-CAM claims that PLX had a duty to keep Plaintiff's information confidential because of a Non-Disclosure Agreement between M-CAM and PLX. However, PLX points out that under Virginia law, a tort claim cannot be based on a contractual duty. "The duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Bd. of Southern Baptist Convention v. Wade,* 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). Such a contract-based claim would be better styled as a breach of contract, and M-CAM has indeed filed a claim for breach of contract in addition to this breach of confidentiality claim.

M-CAM also appears to argue that PLX, having received M-CAM's confidential information from IPI, also had a duty to M-CAM to keep that information confidential. The Court, however, cannot divine even the potential existence of a duty from these allegations. The fact that IPI had promised M-CAM that IPI would keep the information confidential does not create a common law duty of confidentiality for third parties. Furthermore, there is no common law cause of action for such a breach of confidentiality under Virginia law. Accordingly, M-

3

CAM can prove no set of facts that would entitle them to relief, and this claim will be dismissed.

C. Unfair Competition

M-CAM has also asserted a claim of unfair competition against PLX. PLX first argues that this claim is preempted by VUTSA. However, VUTSA does not preempt certain tort claims unless it is clear that the information in question constitutes a trade secret. *Stone Castle Financial Inc., v. Friedman, Billings, Ramsey & Co., Inc.,* 191 F. Supp. 2d 652, 659 (E.D. Va 2002). The court in *Stone Castle* noted that "where courts have found preemption on a motion to dismiss, they repeatedly establish that the information in issue—as alleged—constitutes trade secrets before reaching a preemption question." *Id.* at 658–659. Here, it has not yet been determined whether the information at issue in this case is a trade secret. Thus, it is not appropriate at this point to find that VUTSA preempts M-CAM's unfair competition claim and therefore preclude an alternative means of recovery.

PLX contends that even if the unfair competition count is not preempted, M-CAM has failed to state a claim. M-CAM has alleged that PLX used M-CAM's confidential information to do work for a third party. Virginia law defines unfair competition as: "deception, by means of which the goods of one dealer are palmed off as those of another." *Monoflo Internat'l v. Sahm,* 726 F. Supp.121, 127 (E.D. Va. 1989) (quoting *Benjamin T. Crump Co. v. J.L. Lindsay, Inc.,* 130 Va. 144, 160 (1921). Despite PLX's argument, M-CAM could prove a set of facts that would entitle them to relief under Virginia law, and thus this claim is inappropriate for dismissal. *See Conley v. Gibson,* 355 U.S. 41 (1957).

D. Common Law/ Statutory Conspiracy

M-CAM also asserts that IPI and PLX conspired to harm Plaintiff's business. However,

4

the facts averred are not specific enough to support a claim of conspiracy. M-CAM argues that it has not pled the conspiracy claims in merely conclusory language, but that is exactly what Plaintiff has done.

The business conspiracy statute states that a conspiracy exists when 1) two or more defendants combine, agree, or mutually undertake together to 2) willfully or maliciously injure another in his reputation, trade, or business. Va. Code Ann. § 18.2-499 (Michie 2005). Similarly, under Virginia common law, a conspiracy is the combination of two or more persons to accomplish some criminal or unlawful purpose not in itself criminal or unlawful, by criminal and unlawful means. *Commercial Business Systems, Inc. v. Bell South Services,* 249 Va. 39, 48, 453 S.E.2d 261, 267 (Va. 1995) (citations omitted). However, conclusory language will not suffice in pleading a conspiracy claim. *Government Insurance Company v. Google, Inc.,* 330 F. Supp. 2d 700, 706 (E.D. Va. 2004); *Lewis v. Gupta,* 54 F. Supp. 2d 611, 619 (E.D. Va. 1999). Under either a statutory or a common law theory, the plaintiff must at least "allege that the defendants combined together to effect a 'preconceived plan and unity of design and purpose, for common design is the essence of the conspiracy.'" *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC,* 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (quoting *Bull v. Logetronics, Inc.,* 323 F. Supp. 115, 131 (E.D. Va. 1971)).

Here, the plaintiff alleges that PLX knowingly received M-CAM's confidential information from IPI, and used that information to do business with another company, violating their own confidentiality agreement with M-CAM in the process. However, nowhere in the Complaint does M-CAM allege facts to support the claim that IPI and PLX combined together and took concerted action against M-CAM.

The conclusory statement that the two companies conspired cannot suffice to preserve a conspiracy claim; mere speculation is an insufficient basis for a conspiracy charge. *Lewis,* 330 F. Supp. 2d at 619. Because M-CAM has failed to make sufficient factual allegations in support of its conspiracy claim, both the statutory and common law conspiracy claims will be dismissed.

F. Breach of Non-Disclosure Agreement

Finally, PLX contends that M-CAM has failed to state a claim for the breach of a Non-Disclosure Agreement. M-CAM has alleged that in 2002, the company disclosed confidential information to PLX with an agreement that PLX would keep the information secret; that PLX breached that agreement by disclosing the information to IPI and D'Agostino, as well as other unnamed parties, as well as using the information without authorization; and that M-CAM suffered damages as a result. Virginia law requires three elements for a claim of breach of contract action: 1) a legally enforceable obligation owed by PLX to M-CAM; 2) the breach of that obligation; and 3) injury to M-CAM resulting from the breach. *See Filak v. George,* 267 Va. 612, 614, 594 S.E.2d 610, 614 (2004) (citations omitted). The Court finds that PLX has adequately stated a claim for breach of contract and thus, the Motion to Dismiss will be denied as to the Breach of Contract Claim.

E. Motion for a More Definite Statement

PLX avers that M-CAM's pleadings are so devoid of factual allegations that PLX cannot reply except by generally denying all wrongdoing. For example, PLX asserts that it does not know what the trade secrets at issue are. PLX thus moves for a more definite statement in lieu of dismissal. However, Rule 12(e) motions for a more definite statement are generally disfavored, and are only granted when the pleadings are so vague that the opposing party is unable to

6

respond. Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure §1377 (West 2005) (citing cases). Although this Complaint is not a model of clarity, the Federal Rules require only "a short and plain statement of the claim," and in the claims that remain, M-CAM has alleged sufficient facts for PLX to respond. Fed R. Civ. P. 8(a)(2). Nor will PLX be prejudiced by attempting to answer the pleadings in their existing form. The Motion for a More Definite Statement will be denied.

## CONCLUSION

Accordingly, the Motion to Dismiss shall be granted with respect to the claims of breach of confidentiality, and statutory and common law conspiracy. The Motion to Dismiss shall be denied in the case of all other claims. The Motion for a More Definite Statement shall be denied. An appropriate Order shall issue this day.

ENTERED: _/s/_ 
United States District Judge

9-1-05
Date